IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.13-CV-01141-BNB

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 JUN 11  PM 1:21

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Thomas Stocks and Michelle Stocks,

           Plaintiff,

v.

Bradley Gullicksrud,

Daniel Wittenborn,

Scott Cooper,

Steven W. Stanton,

Daniel Johnson,

Josh Mohlman,

Patricia Hopkins,

Mary Jo Mccawley,

Patrick Smith,

Joseph Dagosta,

Daniel J. Oates ,

City of Aurora

COMPLAINT

PARTIES

1. Plaintiff Thomas and Michelle Stocks are citizens of Aurora, Colorado

who presently resides at 3833 Atchison Way, Aurora, Colorado.

2. Defendant Bradley Gullicksrud is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

3. Defendant Daniel Wittenborn is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

4. Defendant Scott Cooper is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

5. Defendant Steven W. Stanton is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

6. Defendant Daniel Johnson is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

7. Defendant Josh Mohlman is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

8. Defendant Patricia Hopkins is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

9. Defendant Mary Jo Mccawley is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

10. Defendant Patrick Smith is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

10. Defendant Joseph Dagosta is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

11. Defendant Daniel J. Oates is a citizen of Aurora Colorado who can be served summons at

Aurora Police Department 15001 E. Alameda Parkway Aurora, Colorado 80012

12. Defendant City of Aurora is a juridical entity incorporated under the laws of of Colorado which can be served summons at Aurora, Colorado.

## JURISDICTION

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1391. The causes of action alleged herein arise from factual allegations occurring in this judicial district

## BACKGROUND OF THE CASE

This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Federal Tort Claims Act; and under Colorado common law for intentional and/or negligent infliction of emotional distress, conversion, negligence, negligent supervision, gross negligence, assault and false imprisonment.

While the individual Defendants were acting in the scope of their employment and under color of state law, they made an unlawful stop of Plaintiffs that resulted in unreasonable search and seizure and the excessive use of force against the Plaintiffs. The Defendants' actions caused injury to the Plaintiffs and the destruction of their business, livelihood, personal and real property.

Action is also brought against the Chief of Police Daniel J. Oates of Aurora Police Department for his failure to properly train and supervise the individual Defendants in the proper use of force and techniques used to secure the search of a vehicle and in homes and businesses, proper dispatch policy, and its establishment of policies, procedures, practices, and customs regarding arrests and seizure that result in the excessive use of force.

Action is also brought against the City of Aurora for its failure to properly train and supervise the individual Defendants in the proper conduct in the arrest of persons and in search and seizure of vehicle and homes and business premises.

## FACTS

1        On or around May 24, 2011, plaintiff Thomas Stocks (hereinafter referred to as Thomas) was driving a Prius south on Buckly Road near 10 th Street, when defendants suddenly stop him. Without presenting any arrest warrant and without being read with Miranda rights, defendants handcuff Thomas and put him in the patrol car. Defendants then seized the car keys of Prius and drove it to the parking lot near the Church.

2        Defendants then went back to Thomas and ask slew of questions such as "What key will unlock the storage unit you just came from?, "What is the address of your Spring Hill Warehouse?", " What is the unit number of the Warehouse your driving to?" " What part of the Building are you in?". Thomas answered all in the negative.

3        Defendants then uttered "We have a warrant can you show me what key opens the warehouse?". Thomas then asked that he be shown a warrant. Defendants could not present any warrant to Thomas and just walked away and went on to search the Prius car.

4        During the search of the car, defendants seized four ounces of silver coins. They also seized the Prius car with them without leaving any inventory or receipt of the items seized. Thomas was then brought to the Aurora City Jail.

5        Defendants then proceeded to Springhill Property, the business address of All American Siding and Windows LLC., Born American Contractors, and AAA Contractors of which plaintiffs are the registered owners.

6        Defendants wantonly and unlawfully barged into plaintiffs' business place without any search warrant and without securing plaintiffs informed and intelligent consent. Only defendant Michelle and her 22 month old baby was present when the unlawful intrusion happen. Michelle was in utter shock at how defendants ransacked the Business and searched every nook and cranny. Defendants were fully armed with guns pointing toards Michelle who was carrying a little baby in her arms.

7        Plaintiffs' requested that a search warrant be shown to them but the request went unheeded. Instead, defendants asked Michelle to stay outside the place which was raining at that time. Michelle was fully soaked with her baby in her arms with no coat or umbrella while defendants were unlawfully searching the place.

8        After 15 minutes of staying outside, Michele was asked to go inside and interrogated by a lot of questions by the defendants without reading to her Miranda rights.

9        Defendants previously seized $1,200 cash, TomTom GPS, 9 mm pistol and camera. Defendants did not leave any receipt detailing therein a complete list of the items seized.

10       At the time of the above-mentioned search and seizure and during the time of the subsequent detention of the plaintiff, none of the Defendants had in their possession any warrant issued by a judge, court, or magistrate authorizing a search of the plaintiffs' business address or automobile or the arrest

of any of the plaintiffs.  No warrant had in fact been issued by any court, judge, or magistrate for such search and arrest.

11      Defendants had no adequate training regarding the search and seizure, investigatory stop, or reasonable use of force.

12      Defendants were aware or should have been aware of the standards imposed by the US Federal Constitution particularly the Fourth Amendment.  The failure to comply with the constitutional mandate on search and seizure led to the unlawful search and seizure.

13      Each of the Defendants, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Plaintiffs of their rights to freedom from illegal searches and seizure of their persons, papers, and effects and their rights to freedom from unlawful arrest, detention, and imprisonment.  All of these rights are secured to Plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. §§ 1983 and 1988.

14      The defendant (chief of police), failed to adequately supervise the Defendants who conducted the illegal search and seizure.

15      At the time of the incidents alleged herein and before, Plaintiffs were emotionally and physically healthy, active, and fully capable of engaging in normal day-to-day activities.  Since the time of the unlawful intrusion to their abode and the seizure of the items, their business All American Siding & Windows  to stopped operations for several months which eventually led to its closure. The car Prius had depreciated at an awful rate from the time of its seizure. Plaintiffs lost a huge deal of economic resources owing from the unlawful search and seizure.

16      Also, as a result of the unlawful search and seizure, lease rentals of the residence and the business were stopped by the landlord.

17      Plaintiffs have suffered severe emotional distress, sleepless nights, wounded and mental anguish affecting their psychological and economic well-being for which they are entitled to actual, moral, nominal and exemplary damages in an amount that will be established at trial.

18      Plaintiffs are entitled to compensation for the constitutional harms that Defendants inflicted upon them, including loss of property.

19      Plaintiffs are entitled to compensation pursuant to Federal Torts Claims Act for harms inflicted upon them by the Defendants.

FIRST CLAIM FOR RELIEF

Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

20.     Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-19 of this Complaint.

21.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to:  a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from false arrest; and f) the right to just compensation for taking of property.

22.     In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless illegal stop, search, and seizure of Plaintiffs.  The illegal and warrantless stop set into motion the chain of events that led to an unauthorized and warrantless illegal search and seizure and the use of excessive force by Defendants, in violation of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

23.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

24.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

SECOND CLAIM FOR RELIEF

Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

(Failure to Implement Appropriate Policies, Customs and Practices)

25.     Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-19 of this Complaint.

26.     Defendant Chief of Police Daniel J. Oates , in his capacity as Chief of Police of the Aurora Police Department, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Aurora Police Department to wantonly disregard the due process in conducting search and seizure.

27.     The failure of the Chief of Police, Daniel J. Oates, amounts to deliberate indifference to the rights of the plaintiffs to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

28.     The failure of the Chief of Police, Daniel J. Oates, to adequately train and supervise Defendants amounts to deliberate indifference to the rights of the plaintiffs to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

29.     As a result of this deliberate indifference to the plaintiffs rights, they suffered actual monetary loss as well as non-economic loss such as pain and suffering, mental anguish, wounded feelings and sleepless nights.

30.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; and e) the right to just compensation for taking of property.

THIRD CLAIM FOR RELIEF

Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

(Use of Excessive Force)

31.    Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-19 of this Complaint.

32.    Within the defendants' Police Department, there are standard operating procedures that are consistent with the constitutional vanguard on search and seizure.

33.    The actions of Defendants amount to deliberate indifference to the rights of the plaintiffs to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

34.    As a result of the deliberate indifference to the plaintiffs' rights by the defendants, they suffered actual monetary loss as well as non-economic loss such as pain and suffering, mental anguish, wounded feelings and sleepless nights.

FOURTH CLAIM FOR RELIEF

FALSE IMPRISONMENT

Violation of Civil Rights Pursuant to 42 U.S.C. §1983

35.    Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-19 of this Complaint.

36.    In committing the acts complained of herein, Defendants acted under color of state law by falsely arresting and detaining the Plaintiff Thomas Stocks with no basis in fact or law to do so. In violating Plaintiffs' right to be free from false arrest and imprisonment, the Defendants violated Plaintiff Thomas Stocks's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

37.     As a direct and proximate result of the violation of their constitutional right to be free from false arrest by the Defendants, Plaintiff Thomas Stock suffered serious personal injuries and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

FIFTH CLAIM FOR RELIEF

(Negligence)

38.     Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-19 of this Complaint.

39.     Each Defendant owed Plaintiffs a duty to use due care at or about the times of the aforementioned incident.

40.     In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiffs as alleged herein.

SIXTH CLAIM FOR RELIEF

(Negligent Supervision)

41.     Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-19 of this Complaint.

42.     Defendants Aurora Police owed Plaintiffs a duty to use due care at or about the time of the aforementioned incidents.

43.     Defendant Daniel J. Oates negligently supervised Defendants by failing to provide proper training and outline proper procedure in conducting search and seizure.

44.     In committing the aforementioned acts or omissions, Defendants Aurora Police negligently breached said duty which directly and proximately resulted in the injuries and damages to Plaintiffs as alleged herein.

SEVENTH CLAIM FOR RELIEF

(Conversion)

45.     Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 19of this Complaint.

46.     When defendants unlawfully seized the Prius car, $1,000 cash, TomTom GPS, 9 mm pistol, camera, and Ounce Silver Coins, they committed the tort of conversion as the acts of seizure constitute substantial intermeddling and interference in the use and enjoyment of these personal properties.

47.     The manner in which Defendants exercised such dominion or control was both inconsistent with, and seriously interfered with, Plaintiffs' rights as property owners to enjoy and/or control their personalty.

48.     As a direct and proximate result of one or more of Defendants' acts of conversion and the injuries resulting from those acts, Plaintiffs lost the intrinsic value of these personal properties and suffered economic and non-economic damages.

## EIGHT CLAIM FOR RELIEF

### (Assault)

49.     Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-19 of this Complaint.

50.     Plaintiffs aver that the actions of the Defendants breached a duty of care owed to Plaintiffs to not assault them or cause them physical harm or injury, except to the extent allowed by law.

51.     Plaintiffs aver that the Defendants knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiffs, assaulted them by turning toward plaintiff Michelle R. Stocks, and pointing a gun at her.

52.     As a direct and proximate result of the acts of the Defendants, Plaintiffs suffered both physical and mental injuries and are entitled to relief.

## REQUEST FOR RELIEF

Plaintiffs request the following reliefs:

1.     That process issue to the Defendants and that they be required to answer in the time allowed by law.

2.     That judgment be rendered in favor of the Plaintiffs and against the Defendants on all causes of action asserted herein.

3.     That Plaintiffs be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for their physical and mental pain and suffering, both past and future; loss of their personal properties; loss of business income; loss of residence and business rentals and medical and psychological expenses, both past and future.

4.     That Plaintiffs be awarded nominal, punitive and exemplary damages against the Defendants.

5.     That Plaintiffs be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

6.     That the Plaintiffs receive any other further and general relief to which it may appear they are entitled.

7.     A jury for the trial of this matter.

Date: 06 - 11 - 2013                          THOMAS STOCKS      MICHELLE STOCKS

6-11-13

6-11-13

3833 Atchison Way,

Aurora, Colorado  80014

(720) 621-1488