IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01141-BNB

THOMAS A. STOCKS, and
MICHELLE R. STOCKS,

      Plaintiffs,

v.

CITY OF AURORA,
DANIEL J. OATES,
BRADLEY GULLICKSRUD,
DANIEL WITTENBORN,
SCOTT COOPER,
STEVEN W. STANTON,
DANIEL JOHNSON,
JOSH MOHLMAN,
PATRICIA HOPKINS,
MARY JO McCAWLEY,
PATRICK SMITH, and
JOSEPH DAGOSTA,

      Defendants.

ORDER DIRECTING PLAINTIFFS TO FILE
AN AMENDED COMPLAINT

      Plaintiffs, Thomas A. and Michelle R. Stocks, currently reside in Aurora, Colorado. Plaintiffs, acting *pro se*, initiated this action by filing a Complaint that they amended on June 11, 2013. The Court must construe the Amended Complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

      Plaintiffs fail to assert how each defendant personally participated in the alleged violations. Personal participation is an essential allegation in a civil rights action. *See*

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiffs must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A named defendant may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  *See Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

To state a claim in federal court, Plaintiffs must explain what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right he believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Also, pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[a] *pro se* party shall use the forms established by this court to file an action."  Plaintiffs must state each claim, in Section D. of the complaint form, in a short and concise format and include a statement of the rights violated and the actions committed by each defendant that show how they violated his rights.  Accordingly, it is

ORDERED that Plaintiffs file a Second Amended Complaint as instructed above, **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that Plaintiffs shall obtain the proper Court-approved form,

along with the applicable instructions, at www.cod.uscourts.gov for use in filing the

Second Amended Complaint.  It is

FURTHER ORDERED that if Plaintiffs fail to comply with this Order within the

time allowed the Court will dismiss the action without further notice.

DATED June 12, 2013, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge